ROYAL *v.* MAYOR AND COUNCIL OF CORDELE.

1. A municipality supplying its inhabitants with water may adopt reasonable regulations for the collection of water rates. But where provision is made by ordinance for the monthly payment of rates, in advance, by the tenth day of the month, and, on failure to pay, the supply of water to the defaulting consumer shall be disconnected, and no provision is made for any charge additional to the usual and ordinary rate because of such default, the city can not lawfully disconnect the water supply of a consumer who tenders the amount of water rental during the month, after the tenth day, but before the city has actually cut off the water. The provision for disconnecting the supply of a consumer who fails to pay before the tenth of the month is a method of enforcing collection of the rental charge, and not a forfeiture of the consumer's right to have water on payment of the usual toll.
2. The fee charged for turning on water in the ordinance has no reference to the failure of a consumer to pay promptly.

Argued November 5, 1908.—Decided February 19, 1909.

Petition for injunction. Before Judge Whipple. Crisp superior court. March 17, 1908.

*J. T. Hill,* for plaintiff.

EVANS, P. J. The City of Cordele supplies its inhabitants with water. It adopted the following rules for the collection of water rents: "Section 229. Water rents, how payable. All property owners shall be liable for all water consumed from each opening on his premises, and such water rents shall be due and payable each month in advance, at the clerk and treasurer's office from the 1st to the 10th of each month. Builders are required to pay in advance, and will be charged by the estimate of the architect, or their own contract for the work. Section 230. Defaulters, duty of the clerk. It shall be the duty of the clerk and treasurer to make a monthly report at the first regular meeting in each month, giving a list of all persons in default

for water rents; and he shall be authorized to issue executions against such persons for such past-due rents. Section 231. Water rents must be paid promptly. Duty of superintendent. Water rents must be paid promptly; and in the event of a failure to pay promptly, it shall be the duty of the superintendent to cut off the water, and he shall not turn on the same again until the consumer has paid into his hands a fee of fifty cents." The plaintiff is a resident and taxpayer of the city, and a consumer of water. He failed to pay his water rates for the month of January by the tenth of the month, and the city authorities instructed one of its employees to cut off the water supply at the plaintiff's store and residence. The only means of supplying the plaintiff's premises is from the city waterworks system. Before the city authorities had cut off the water from plaintiff's premises he tendered to the city the amount of water rates due, which the city authorities declined to accept unless the plaintiff would pay the additional sum of one dollar, being the charge fixed by the ordinance for turning on the water at his store and residence. The plaintiff refused to pay this additional charge, and seeks to enjoin the city from cutting off his water supply. The court refused the injunction, and the plaintiff excepts.

The ordinances of the City of Cordele prescribe two methods of enforcing the collection of water rentals: First, by cutting off the consumer's supply upon his failure to pay in advance for a month's supply of water by the tenth of the month; and second, by the issuance of an execution for past-due rentals. The provision for cutting off the water if the consumer fails to pay by the tenth of the month is not a penalty, or forfeiture of the consumer's right to a supply of water, if he actually pays or offers to pay the month's rental in advance before the city has exercised its option to cut off his supply. Municipal corporations operating waterworks systems have the right to make reasonable rules and regulations for the collection of charges for the use of water. Such rules may impose on a consumer who fails to pay by a fixed time a larger rate than is charged those who pay on or before that time. 3 Abbott, Mun. Corp. §893. The City of Cordele has not undertaken to differentiate rates or charges for the use of water between those who pay before the tenth, and those who pay after the tenth of the month. The charge of fifty cents provided for

turning on the water is a fee fixed by ordinance as compensation for restoring the water connection which had been previously disconnected from the consumer's premises. The city has no right to exact a charge for turning on water which has not been turned off. The fee for turning on water has no reference to the charge for consumption of water, or the failure to promptly pay. There is nothing in any of the ordinances which imposes an additional charge on a consumer for failure to pay in advance by the tenth of the month; and if he offers to pay the amount due after the tenth, but before the end of the month, the city can not legally reject his tender and thereafter cut off the water supply to his premises. Under the agreed facts the court erred in refusing an injunction.     ·    *Judgment reversed. All the Justices concur.*